**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**KELLY BROOKS,**

                      **Plaintiff,**

**-vs-**                                           **Case No. 6:12-cv-981-Orl-18DAB**

**AMERINET HEALTH CENTER SOUTH
DAYTONA LLC,**

                      **Defendant.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT JUDGMENT AGAINST AMERINET HEALTH CENTER SOUTH DAYTONA ILC (Doc. No. 15)**
>
> **FILED:** **January 4, 2013**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On June 27, 2012, Plaintiff Kelly Brooks sued Defendant Amerinet Health Center South Daytona LLC for unpaid overtime and other claims arising under the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA"). Doc. 1. Plaintiff obtained the entry of Clerk's default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) on December 6, 2012, when Defendant failed to file an answer. Doc. 13. A default was entered on December 7, 2012. Doc. 14. Plaintiff now moves for a default judgment for wages owed, fees and costs incurred, and has filed supporting Affidavits (Doc. 15); the matter is now ripe for resolution.

The Court finds that Defendant's failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint. *Art Schmidlin v. Apex Mortgage Services, LLC*, 2008 WL 976158, *1 (M.D. Fla. 2008) (citing *Cotton v. Mass. Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Plaintiff was employed by Defendant from January 16, 2011 to August 19, 2011 as a medical assistant. Doc. 15-1. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s), grossing an average of $500,000 annually, based on multiple care services provided to an average of at least 10 patients per day at $200 per patient, five days per week, 52 weeks per year. Doc. 15-1. Docs. 1, 15-1. Defendant was also engaged in interstate commerce, in that Defendant's employees handled goods moved in or produced for interstate commerce such as health care products and equipment, and used the telephone or computers to place and accept business calls. Doc. 15-1.

Under the FLSA, an employer must pay one and one-half times the employee's regular rate for all hours worked in excess of forty hours per work week. 29 U.S.C. § 207(a). During her employment, Plaintiff's regular rate of pay was $13.75 per hour. Doc. 15-1. Plaintiff worked an average of 10 hours of overtime per week from January 16, 2011 to August 19, 2011 (31 weeks), for which she did not receive overtime wages from Defendant, but received only straight time: for 310 total hours (10 hours/week times 31 weeks) times $6.875 per hour ($13.75/2), for a total of $2,131.25 owed, plus an equal amount in liquidated damages, for a total of $4,262.50. Doc. 15-1. As Defendant has defaulted, the Court finds that Plaintiff is entitled to the entry of judgment on the issue of liability for overtime wages in the amount of $2,131.25, and liquidated damages of an equal amount, for a total of **$4,262.50**.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to

be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").  As the mandatory language of the Act says "in addition to any judgment", it is clear to this Court that a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery.  This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers."

Although entitled to attorney's fees, Plaintiff only seeks to recover $405 for costs.  Counsel's affidavit and exhibit show $55 in service of process fees and $350 for filing fees. Doc. 15-2.

In view of all of the foregoing, it is respectfully **RECOMMENDED** that final judgment be entered in Plaintiff Kelly Brooks' favor against Defendant Amerinet Health Center South Daytona, LLC, in the amount of **$4,262.50** in damages, and **$405** in taxable costs (filing fee and service of process charge).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 25, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy